UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JESUS RIVERA**, et al.,

    **Plaintiffs**,

v.                                     Case No. 3:23cv24547-TKW-HTC

**FEDERAL BUREAU OF
INVESTIGATION**, et al.,

    **Defendants**.
_____/

## ORDER OF DISMISSAL

Plaintiffs filed this suit against the FBI, DOJ, and the heads of those agencies in their official and individual capacities. The Court dismissed the claims against the agencies and the agency heads in their official capacities, *see* Doc. 12, but the claims against the agency heads in their individual capacities remain pending.[1]

Plaintiffs appealed the order dismissing the claims against the agency and the agency heads in their official capacity. *See* Doc. 13. It is questionable whether that order is appealable because the claims against the agency heads in their individual capacities remain pending. *See Lloyd Noland Found., Inc. v. Tenet Health Care*

---

[1] The parties disagreed as to whether the agency heads had been properly served in their individual capacities, but counsel only appeared and filed a motion to dismiss on behalf of the agencies and the agency heads in their official capacities. *See* Doc. 12 at 3 n.4. Moreover, despite their contention that the agency heads were properly served in their individual capacities, Plaintiffs did not seek a default against them for failing to timely respond to the complaint.

*Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) ("[A]n order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken."). However, because the Court previously noted that the claims against the agency heads in their individual capacities were likely not cognizable, *see* Doc. 12 at 10 n.8, the Court finds that it is in the interest of justice (and judicial economy) to dismiss those claims to eliminate any potential impediment to the judicial review sought by Plaintiffs.

The dismissal of the claims against the agency heads in their individual capacities is for the following reasons: the First Amendment retaliation claim under *Bivens* (first cause of action) is not cognizable based on *Egbert v. Boule*, 596 U.S. 482, 499 (2022); the Fourth Amendment claim under *Bivens* (second cause of action) is not cognizable because it arises in a different context than the previously recognized *Bivens* claims and there is no reason to think that Congress would not be better equipped than the Court to create a damages remedy in this new context, *id.* at. 491-92; and the §702 claim (third cause of action) is not cognizable against the agency heads in their individual capacities for the same reasons that it is not cognizable against the agencies or agency heads in their official capacities, *see* Doc. 12 at 11-15.

Accordingly, on the Court's own motion, it is **ORDERED** that:

1.      The claims against Defendants Christopher Wray and Merrick Garland in their individual capacities are **DISMISSED** for failure to state cognizable claims.

2.      The Clerk shall enter judgment stating, "All claims in this case are dismissed.  Plaintiffs shall take nothing from this action."

3.      The Clerk shall close the case file.

**DONE and ORDERED** this 1st day of May, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**